Case 4:21-cr-00542 Document 1 Filed on 11/16/21 in TXSD Page 1 of 6

United States Courts
Southern District of Texas
FILED
*November 16, 2021*
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| v. | § § | Criminal No. **4:21-cr-542** |
| **ABDUL FARAHSHAH,** | § § § | |
| **Defendant.** | § | |

## INFORMATION

THE UNITED STATES CHARGES:

### GENERAL ALLEGATIONS

At all times material to this Information, unless otherwise specified:

### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly

payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Defendant, Related Entities and Individuals

5. Defendant **ABDUL FARAHSHAH** ("**FARAHSHAH**") was a resident of Houston, Texas and was the owner of Patriot Office Products LLC ("Patriot"), a Texas limited liability company.

6. Co-Conspirator 1 ("CC-1") was a resident of Katy, Texas.

7. Amir Aqeel ("Aqeel") was a resident of Houston, Texas.

8. Mauricio Navia ("Navia") was a resident of Katy, Texas.

## COUNT ONE
### (18 U.S.C. § 371 - Conspiracy)

9.      Paragraphs 1 through 8 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

10.     Beginning in or around April 2020, and continuing until in or around October 2020, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant,

## ABDUL FARAHSHAH

knowingly and willfully, that is, with the intent to further the objects of the conspiracy, conspired and agreed with CC-1, Amir Aqeel, Mauricio Navia, and other individuals, known and unknown to the United States, to commit certain offenses against the United States, namely: to knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

11.     It was the purpose of the conspiracy for **FARAHSHAH** and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for PPP loans and (b) laundering the proceeds from the PPP loans in order to conceal and disguise the true nature and source of the loan proceeds.

## MANNER AND MEANS OF THE CONSPIRACY

12.     The manner and means by which **FARAHSHAH** and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

13. As part of the scheme, CC-1 informed **FARAHSHAH** that CC-1 knew an accountant who could obtain a PPP loan on behalf of **FARAHSHAH**'s company. CC-1 introduced **FARAHSHAH** to Aqeel.

14. In furtherance of the scheme, **FARAHSHAH** asked for Aqeel's assistance with obtaining a PPP loan and provided Aqeel with information about his business, Patriot. **FARAHSHAH** told Aqeel that Patriot had approximately two employees.

15. With **FARAHSHAH**'s consent, Aqeel and others applied for a PPP loan application on behalf of Patriot. The PPP loan application contained false and fraudulent representations as to Patriot's number of employees and average monthly payroll. The false and fraudulent PPP loan application on behalf of Patriot was submitted via interstate wires to a participating SBA approved lender that authorized a PPP loan in the amount of approximately $818,230. The $818,230 in PPP loan funds was deposited into a bank account in the name of Patriot.

16. As part of the scheme, Aqeel directed **FARAHSHAH** not to touch the PPP loan funds and to provide Aqeel with blank checks from the Patriot bank account, which **FARAHSHAH** did. **FARAHSHAH** endorsed the checks, but did not list a payee or provide amounts.

17. In total, **FARAHSHAH** provided approximately 170 blank checks to Aqeel and/or Navia, which facilitated the laundering of more than $400,000 in fraudulently obtained PPP loan funds.

18. In exchange, **FARAHSHAH** received approximately $245,000 in cash from Aqeel and/or Navia. **FARAHSHAH** used a portion of the cash to pay for his home mortgage.

## OVERT ACTS

19. In furtherance of the conspiracy, and to accomplish its objects and purpose, at least

one of the co-conspirators committed and caused to be committed, in the Houston Division of the Southern District of Texas and elsewhere, at least one of the following overt acts, among others:

20. On or about July 23, 2020, **FARAHSHAH** sent an email to Aqeel with corporate paperwork for a number of business entities, including Patriot.

21. On or about August 12, 2020, a PPP loan application on behalf of Patriot seeking approximately $818,230 in PPP loan funds was submitted to an SBA-approved lender

22. On or about September 12, 2020, **FARAHSHAH** sent an email to Aqeel and Navia informing them that checks from the Patriot business account were at the office.

All in violation of Title 18, United States Code, Section 371.

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))

23. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the United States gives notice that upon the defendant's conviction of Count One of this Information, the United States will seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy.

24. The United States also gives notice that it will seek a money judgment against the defendant.

25. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the defendant up to the amount of the money judgment.

Jennifer Lowery
Acting United States Attorney
Southern District of Texas

Joseph S. Beemsterboer
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: *Rodolfo Ramirez*
Rodolfo Ramirez
Assistant United States Attorney
Southern District of Texas
RRamirez3@usa.doj.gov
(713) 314-6024

Della Sentilles
Louis Manzo
Trial Attorneys
Criminal Division, Fraud Section
Della.Sentilles@usdoj.gov
(202) 445-8793 (Sentilles)